UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PAMELA M. H.,

                Plaintiff,

v.     5:23-CV-00197 (AMN/CFH)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

---

**APPEARANCES:**      **OF COUNSEL:**

**OLINSKY LAW GROUP**      **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street – Suite 210
Syracuse, New York 13202
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**      **KATHRYN S. POLLACK, ESQ.**
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

On February 13, 2023, Plaintiff Pamela M. H.[1] commenced this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") benefits ("Complaint").[2]  Dkt. No. 1.[3]

This matter was referred to United States Magistrate Judge Christian F. Hummel, who, on February 22, 2024, recommended that the Court[4] deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 14, and affirm the Commissioner's decision ("Report-Recommendation"). Dkt. No. 23.  Magistrate Judge Hummel advised that under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 18.  Plaintiff filed objections on March 1, 2024.  Dkt. No. 24.[5]

For the reasons set forth below, the Court rejects each of Plaintiff's objections and adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge,

---

[2] For a complete recitation of the background facts, the reader is referred to the Report-Recommendation, Dkt. No. 23 at 2-3, 6-7.
[3] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, with the exception of citations to the Administrative Record.  All citations to the Administrative Record herein will refer to the pagination noted in bold in the bottom-righthand corner of each page, which begins on page 10 of Dkt. No. 9 ("R.").
[4] This case was reassigned to the undersigned on November 2, 2023.  Dkt. No. 16.
[5] The Commissioner requested an extension of time to respond to Plaintiff's objections on March 14, 2024 ("Letter Motion").  Dkt. No. 25.  The Letter Motion is addressed in Section IV, *infra*.

this Court reviews the relevant portions of the report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.   DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.  Dkt. No. 23 at 1-9.

Plaintiff objects to the following findings in the Report-Recommendation: (i) the vocational expert ("VE") provided reliable hearing testimony regarding the number of jobs available within the national economy; (ii) the VE's testimony constituted substantial evidence for the step-five determination by the administrative law judge ("ALJ"); and (iii) the VE provided accurate hearing testimony regarding the number of jobs available within the national economy.  Dkt. No. 24.

As an initial matter, the Court finds that Plaintiff's three objections largely restate arguments already presented to—and addressed by—Magistrate Judge Hummel.  *Compare* Dkt. No. 24*, with* Dkt. Nos. 14, 22.  The Court finds no clear error in the treatment of these arguments

in the Report-Recommendation.  *See* Dkt. No. 24 at 9-18; *see also Petersen*, 2 F. Supp. 3d at 228-29 & n.6.

To the extent Plaintiff raises a specific objection regarding Magistrate Judge Hummel's discussion of *Poole v. Saul*, 462 F. Supp. 3d 137 (D. Conn. 2020), the Court reviews that portion of the Report-Recommendation *de novo*.  The Report-Recommendation briefly discussed *Poole* in the course of evaluating the reliability of the VE's hearing testimony in this case.  As the Report-Recommendation correctly detailed, the court in *Poole*, as well as several other courts, "have noted some concern" with the methodology by which VEs translate Bureau of Labor Statistics ("BLS") data into a precise number of jobs.  Dkt. No. 23 at 10-11 (collecting cases).  However, "[t]o date, the Second Circuit does not require a detailed scrutiny of a vocational expert's methods," *Poole*, 462 F. Supp. 3d at 164 (quotation and citation omitted), and such methods are instead regularly assessed pursuant to the substantial evidence standard, which "is not high," *Biestek v. Berryhill*, 139 S. Ct. 1148 at 1154 (2019).  Magistrate Judge Hummel properly evaluated, in detail, the VE's hearing testimony pursuant to the controlling substantial evidence standard.  Dkt. No. 23 at 11-15.

In addition, following *de novo* review, the Court is satisfied that the VE's testimony in this case constituted substantial evidence.  The VE's testimony relied upon BLS data, as well as his work experience, training, and education.  R. 981, 1059-1061; *Biestek*, 139 S. Ct. at 1152-53 (finding that VE testimony can properly rely upon public data sources, such as BLS statistics, and the VE's expertise and experience); *Jones-Reid v. Astrue*, 934 F. Supp. 2d 381, 407 (D. Conn. 2012), *aff'd*, 515 F. App'x 32 (2d Cir. 2013) (summary order) (affirming ALJ's reliance upon VE's testimony based on BLS statistics, experience, and personal knowledge).

To the extent Plaintiff raises a specific objection concerning the Report-Recommendations' analysis of *Biestek*, the Court has reviewed that portion of the Report-Recommendation *de novo*

4

and finds that Magistrate Judge Hummel properly considered the Supreme Court's guidance. Dkt. No. 23 at 10-11, 13-14; *see also Biestek*, 139 S. Ct. at 1156 (declining to adopt a categorial rule requiring VEs to provide data underlying their testimony and finding, instead, "that expert testimony can sometimes surmount [the substantial evidence] bar absent underlying data").

To the extent Plaintiff raises a specific objection based on the accuracy of the job numbers provided by the VE during the hearing, the Court has reviewed that portion of the Report-Recommendation *de novo* and finds that Magistrate Judge Hummel properly considered the persuasive authority cited therein in the course of making his findings. Dkt. No. 23 at 15-18; *see, e.g., Stonick v. Saul*, No. 3:19-CV-01334 (TOF), 2020 WL 6129339, at *20 (D. Conn. Oct. 19, 2020) ("the Court declines to find that [p]laintiff's independent online research serves to undermine the VE's testimony and credibility"); *Marrero v. Kijakazi*, No. 20-CV-3872 (PED), 2021 WL 4198221, at *7 (S.D.N.Y. Sept. 15, 2021) ("At bottom, plaintiff has not shown that the record evidence precludes a reasonable mind from finding that plaintiff could perform a substantial number of jobs that exist in the national economy").

Accordingly, the Report-Recommendation is adopted in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 23, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 14, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 21, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Letter Motion, Dkt. No. 25, is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 15, 2024
       Albany, New York

_/s/ Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge